UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Merle F. Hentze,
:
    Plaintiff,                            Case No. 1:17cv217

    v.                          :            Barrett, J.

CSX Transportation Inc.,
:
    Defendant.

## ORDER

This matter is before the Court on: (1) Defendant's Motion to Dismiss (Doc. 3); and (2) Plaintiff's Motion to Amend the Complaint (Doc. 5). This Motions are fully briefed and ripe for consideration.

**I.    BACKGROUND**

On March 30, 2017, Plaintiff filed a complaint against Defendant CSX for alleged violations of the Americans with Disabilities Act, ADA Amendments Act, and Ohio Civil Rights Act. (Doc. 1). Plaintiff was employed as a train conductor for Defendant CSX for nine years prior to his termination in 2015. Plaintiff alleges that he was terminated because he did not pass a written test for a new position Defendant CSX required him to seek. Before this written testing began, Plaintiff allegedly informed personnel of his long-standing difficulties with written testing and sought an accommodation. Plaintiff claims that Defendant discriminated against him by failing to reasonably accommodate his disability, and by terminating his employment in violation of the ADA/ADAAA and the Ohio Civil Rights Act.

On June 12, 2017, Defendant filed a Motion to Dismiss (Doc. 3), arguing that Plaintiff failed to allege any disability. (Doc. 3; PageID 11). On June 30, 2017, Plaintiff filed an opposition to the motion to dismiss, arguing in the alternative that he should be granted leave to amend. (Doc. 5).

II. ANALYSIS

    a. **Motion to Dismiss**

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). "[T]o survive a motion to dismiss[,] a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers*, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 556).

Defendant argues that it is entitled to dismissal because Plaintiff's Complaint fails to "specify the allegedly disabling impairment." (Doc. 3; PageID 15) (collecting cases).

Plaintiff concedes that "the Complaint does not name the specific diagnosis of Mr. Hentze's disability," but argues that "it need not do so to articulate a valid claim." (Doc. 5; PageID 25). Plaintiff offers no authority to support the foregoing proposition. Considering the arguments of both Parties, the Court is persuaded that Plaintiff's allegations regarding his alleged disability fall short of the pleading standards. See, e.g., *Coleman v. Ford Motor Co.*, 2005 WL 1459549 (N.D.Ohio June 17, 2005); *Thomas v. Dana Commercial Vehicle Products, LLC*, 2014 WL 1329948, at *4 (W.D.Ky. April 1, 2014); *Phelps v. Balfour, Commemorative Brands Inc.*, 2013 WL 653542, at *6 (W.D.Ky. Feb. 21, 2013).

Accordingly, the Motion to Dismiss (Doc. 3) is **GRANTED**, but as explained below Plaintiff is granted leave to amend.

### b. Motion for Leave to Amend

Rather than dismiss the case, Plaintiff argues that the Court should grant him leave to amend his pleading. Defendant opposes amendment, arguing that: (1) Plaintiff failed to attach a proposed amended complaint; and (2) in any event, amendment would be futile, causing undue delay and needless expense. (Doc. 7; PageID 36-37).

Pursuant to Fed. R. Civ. P. 15(a), "leave [to amend a Complaint] shall be freely given when justice so requires[.]" Normally, a party seeking an amendment should attach a copy of the amended complaint. *See Kuyat v. Biomimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) (finding that district court did not abuse discretion where it denied leave to amend, due in part to plaintiff's failure to proffer a copy of a proposed amended complaint).

Here, the Court would be justified in denying the motion for leave, due to Plaintiff's failure to attach a proposed amended complaint. However, under the facts of this case, the Court is not convinced that such a result would be just, especially in light of the Motion's references to medical documentation that was allegedly sent to Defendant. Therefore, Plaintiff's Motion for Leave to Amend (Doc. 5) is **GRANTED**.

### III. CONCLUSION

Therefore, in accordance with the above:

(1) Defendant's Motion to Dismiss (Doc. 3) is **GRANTED**;

(2) Plaintiff's Motion for Leave to Amend (Doc. 5) is **GRANTED**; and

(3) Plaintiff shall file his amended complaint within seven (7) days.

Although not addressed above, the Parties' Joint Motion to Stay Discovery (Doc. 11) is also **GRANTED**, subject to later reconsideration after Plaintiff files his amended complaint.

**IT IS SO ORDERED.**

                                            s/ *Michael R. Barrett*
                                            _____
                                            Hon. Michael R. Barrett
                                            United States District Judge